**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody A. Andrews,<br><br>  Plaintiff,<br><br>v.<br><br>Columbia Machine Incorporated, *et al.*,<br><br>  Defendants. | No. CV-17-08100-PCT-JJT<br><br>**ORDER** |

At issue are three Motions to Dismiss (Docs. 48, 50, 56) filed by Defendants CopperPoint Mutual Insurance Company, Yavapai Block Company, Inc., and Paradigm Management Services, LLC, respectively. In this lawsuit, Plaintiff Cody A. Andrews claims he was injured while working for Defendant Arizona Labor Force Inc. at Yavapai Block's facility. He claims that the machine he was working on, manufactured by Defendant Columbia Machine Inc., was unsafe, causing his injuries. CopperPoint provided workers' compensation coverage to Arizona Labor Force, and Plaintiff alleges Paradigm assumed at least part of CopperPoint's obligation to pay for Plaintiff's medical treatment.

On April 28, 2017, Plaintiff filed a Complaint against Columbia Machine in Arizona state court, raising claims of strict product liability and negligence. (Doc. 1-1.) Columbia Machine timely removed the action to this Court based on diversity jurisdiction. (Doc. 1.)

On January 12, 2018, Plaintiff filed an Amended Complaint to add claims against four new named Defendants ("New Defendants")—including a claim of gross negligence against Yavapai Block (Count 4) and a claim for declaratory relief against Yavapai Block, CopperPoint, Paradigm, and Arizona Labor Force (Count 7)—as well as two claims against unknown defendants (Counts 5 and 6) and one claim Plaintiff calls "Damages" (Count 8). (Doc. 36, FAC.) Plaintiff alleged that the Court has supplemental jurisdiction over the new claims, Counts 4 through 8, under 28 U.S.C. § 1367. (FAC ¶ 14.)

Yavapai Block moved to dismiss the claim of gross negligence against it (Count 4), to which Plaintiff never filed a Response, entitling Yavapai Block to summary disposition of its motion under LRCiv 7.2(i). The Court granted Plaintiff's subsequent stipulation to dismiss Count 4. (Docs. 50, 82, 88.) To the extent Plaintiff seeks declaratory relief against Yavapai Block in Count 7 of the Amended Complaint, it is premised on Plaintiff's claim of gross negligence against Yavapai Block, which Plaintiff has agreed to dismiss. (*See* FAC ¶¶ 51-63.) Without Count 4, Plaintiff has not stated any basis for Yavapai Block's liability in this matter, and Plaintiff thus has no claim—for damages or injunctive relief—against Yavapai Block. Therefore, the Court will grant Yavapai Block's Motion to Dismiss (Doc. 50) and dismiss Yavapai Block as Defendant in this matter.

Plaintiff has not even attempted to state a basis for the liability of CopperPoint, Paradigm, or Arizona Labor Force in this matter. In Count 7, Plaintiff makes the strange request that the Court order Yavapai Block, CopperPoint, Paradigm, and Arizona Labor Force to participate in this matter, even in the absence of any claims against them. (FAC ¶¶ 51-63.) The Court agrees with CopperPoint and Paradigm that the FAC contains no operative allegations against the New Defendants, that no actual case or controversy exists with regard to the New Defendants, and thus that Plaintiff has no claim for declaratory judgment against the New Defendants under the Arizona statutes. *See* A.R.S. § 12-1831 *et seq.*; *Ariz. State Bd. of Dirs. v. Phoenix Union High Sch. Dist.*, 424 P.2d 819, 823 (Ariz. 1967).

Plaintiff argues that the Arizona Supreme Court's decision in *Aitken v. Industrial Commission of Arizona*, 904 P.2d 456 (Ariz. 1995), somehow compels this Court to require the New Defendants' participation in this litigation. Neither *Aitken* nor any of the other cases Plaintiff cites do anything of the sort. *Aitken* provides that an insurance carrier's lien may be reduced by the amount of employer fault, but it does not require that, in an instance such as this, the carriers and employers be compelled to appear as Defendants in the absence of any claims against them. *See id.* Even if the Arizona Supreme Court is considering the issue of the equitable apportionment of a carrier's lien in a new context in reviewing *Twin City Fire Ins. Co. v. Leija*, 403 P.3d 587 (Ariz. Ct. App. 2017), an Order compelling the carriers or employers to appear as defendants in the plaintiff's third-party case is not at issue. Plaintiff's argument that compelling the New Defendants to appear would be in the interests of judicial economy is simply not the same as raising a claim against them, and in any event the Court disagrees that the interests of judicial economy would be served by such an Order.

Because Plaintiff fails to state a judiciable claim against the New Defendants, the Court will dismiss Count 7 against all of the New Defendants, including non-moving Defendant Arizona Labor Force. *See Shoop v. Deutsche Bank Nat'l Trust*, 465 Fed. App'x 646 (9th Cir. 2012).

Upon its review of the Amended Complaint (*see* FAC ¶ 64), the Court also notes that "Count Eight" is a prayer for damages and not a separate claim. *See, e.g.*, *Higton v. Quicken Loans, Inc.*, No. 2:10-cv-01320-JWS, 2011 WL 333357, at *4 (D. Ariz. Jan. 31, 2011). The Court thus strikes the heading "Count Eight" from the Amended Complaint.

Because Plaintiff has failed to state a claim against the New Defendants, the remaining claims in this matter are Counts 1 through 3 against Columbia Machine Inc. and Counts 5 and 6 against unnamed defendants.

IT IS THEREFORE ORDERED granting CopperPoint Mutual Insurance Company's Motion to Dismiss (Doc. 48) and dismissing all of Plaintiff's claims against it.

1     IT IS FURTHER ORDERED granting Yavapai Block Company, Inc.'s Motion to Dismiss (Doc. 50) and dismissing all of Plaintiff's claims against it.

    IT IS FURTHER ORDERED granting Paradigm Management Services LLC's Motion to Dismiss (Doc. 56) and dismissing all of Plaintiff's claims against it.

    IT IS FURTHER ORDERED dismissing all of Plaintiff's claims against Arizona Labor Force, Inc. and striking the heading "Count Eight" from the Amended Complaint (Doc. 36).

Dated this 8th day of June, 2018.

*[signature]*

Honorable John J. Tuchi
United States District Judge