.WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody A. Andrews,<br><br>    Plaintiff,<br><br>v.<br><br>Columbia Machine Incorporated, et al.,<br><br>    Defendants. | No. CV-17-08100-PCT-DWL<br><br>**ORDER** |

This case was initially assigned to a different judge. The original scheduling order contained various deadlines, including an October 12, 2018 deadline for "complet[ing] all pre-trial disclosures required under Fed. R. Civ. P. 26(a)(3)." (Doc. 20 at 4.) The order noted that this deadline "supersedes the '30 days before trial' disclosure deadline contained in Fed. R. Civ. P. 26(a)(3)." (*Id.*) At the request of the parties, this deadline was later extended to April 19, 2019. (Doc. 107.)

On April 22, 2019—three days after this deadline had elapsed—the parties filed a stipulation asking that it be extended to May 15, 2019. (Doc. 120.) That same day, the Court issued an Order explaining that its usual practice (unlike the judge who was initially assigned the case and issued the original scheduling order) is to decline to set a Rule 26(a)(3) disclosure deadline in its scheduling order and, instead, to wait to set such a deadline until the Final Pretrial Conference. (Doc. 122.) Accordingly, the Court vacated the April 19, 2019 deadline for Rule 26(a)(3) disclosures that had appeared in the previous iteration of the scheduling order and denied the parties' stipulation as moot. (*Id.*)

Now pending before the Court is another stipulation from the parties concerning the Rule 26(a)(3) disclosure deadline. (Doc. 123.) It asks the Court to reconsider its prior order and provides additional details concerning why the parties believe the case may soon settle. (*Id.*)

The Court appreciates the care and consideration that went into the pending stipulation. However, it's not clear to the Court why the parties are seeking reconsideration. In its April 22, 2019 order, the Court vacated the previously-applicable deadline for making disclosures under Rule 26(a)(3). This outcome was even more favorable to the parties than what they were seeking in their stipulation (*i.e.,* a 26-day extension of the Rule 26(a)(3) disclosure deadline). Indeed, the vacatur of this portion of the scheduling order means that the parties' Rule 26(a)(3) disclosures now aren't due until 30 days before trial. *See* Fed. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial."). Given that a trial date hasn't even been set yet, the practical effect of the Court's April 22, 2019 order was to extend the Rule 26(a)(3) disclosure deadline by multiple months, not just the 26 days sought by the parties.

It appears to the Court that the parties may have misunderstood the effect of the April 22, 2019 Order when they filed their most recent stipulation. Accordingly, the stipulation will be denied. However, if the Court is misapprehending the parties' position, they are free to file another stipulation that explains, with more clarity, the exact relief they're seeking.

Therefore,

**IT IS ORDERED** that the parties' Second Stipulation Regarding Extension of Deadlines (Doc. 123) is denied.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge